UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TAULAND DESHATI,

    Petitioner,

v.

KRISTI NOEM, *et al.*,

    Respondents.

Case No. 25–cv–15940–ESK

OPINION

**KIEL, U.S.D.J.**

    **THIS MATTER** comes before the Court on petitioner Tauland Deshati's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Amended Petition). (ECF No. 9.) Respondents Department of Homeland Security (Department) Secretary Kristi Noem, Immigration and Customs Enforcement (ICE) Acting Field Office Director Cory Chu, and United States Attorney General Pamela Bondi oppose the Amended Petition. (ECF No. 10.) For the following reasons, I will dismiss the Amended Petition without prejudice.

    **I.    BACKGROUND**

    Petitioner is a citizen of Albania. (ECF No. 9 ¶ 20.) He entered the United States without inspection or parole on or about September 14, 2004. (*Id.*) He applied for asylum fearing deportation back to Albania. (*Id.*) The immigration judge denied petitioner's application and ordered petitioner removed. (*Id.*; ECF No. 10–1 p. 5.) The Board of Immigration Appeals (BIA) denied petitioner's appeal on or about November 7, 2008. (ECF No. 10–1 pp. 15, 16.) The United States Court of Appeals for the Second Circuit denied his petition for review on or about July 22, 2009. (ECF No. 9 ¶ 20; ECF No. 10–1 p. 18.)

On April 17, 2012, Petitioner moved before the BIA to reopen his final order of removal. (ECF No. 10 p. 5.) The BIA denied the request as untimely and because petitioner "has not adequately demonstrated how fears largely related to general unrest and instability in Albania differ from those of the populace as a whole." (ECF No. 10–1 p. 29.) The Second Circuit denied the petition for review on May 9, 2014. (*Id.* p. 36.) The decision became final on July 1, 2014. (ECF No. 10 p. 5.) The Department issued a Warrant of Removal on March 6, 2018. (ECF No. 10–1 p. 42.) ICE detained petitioner on or about September 21, 2025. (ECF No. 9 ¶ 2.)

Petitioner filed a petition for a writ of habeas corpus on September 24, 2025, arguing that his detention was unlawful because the removal period ended October 20, 2009. (ECF No. 1 p. 2) I ordered respondents to answer on October 1, 2025. (ECF No. 2.)

On October 21, 2025, petitioner requested, with respondents' consent, a change to the briefing schedule. (ECF No. 5.) He stated that the Department had agreed to reopen his removal proceedings before the BIA and that "[i]t is highly likely that the BIA will grant this joint motion to reopen which requests that immigration court proceedings be terminated." (*Id.* p. 1.) I granted petitioner's request to file an amended petition by October 29 and for respondents to answer by November 5. (ECF No. 6.)

In the Amended Petition, petitioner reasserts his argument that his detention is unlawful pursuant to 8 U.S.C. § 1231(a)(6) because the removal period expired in 2009. (ECF No. 9 ¶ 29.) He also argued that he should be released because a settlement agreement in *Calderon Jimenez v. Mayorkas*, No. 1:18–cv–10225 (D. Mass. Jan. 16, 2025) *(Calderon)* precludes ICE from taking enforcement actions against him. (*Id.* ¶ 36.) Finally, he argues that he

should be released because he did not receive a pre-deprivation hearing. (*Id.* ¶ 49.)[1]

Respondents argue that petitioner is lawfully detained pursuant to § 1231 and that the Court does not have jurisdiction to review issues related to the *Calderon* proceedings. (ECF No. 10 p. 11.)

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

Petitioner was detained within the District of New Jersey when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, the Amended Petition is appropriately filed in this District. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

## III.   DISCUSSION

### A.   Detention Pursuant to § 1231

Petitioner's first argument in favor of his release is that the statutory removal period has expired, depriving the Department and ICE of any grounds to detain him. (ECF No. 9 ¶ 29.) An immigration judge ordered petitioner's removal, (ECF No. 10–1 p. 5), and the BIA denied his appeal on or about November 7, 2008. (ECF No. 10–1 pp. 15, 16.) The Second Circuit denied his

---

[1] In his reply papers, petitioner makes several arguments based on allegedly "deplorable conditions" at Delaney Hall. (ECF No. 11 pp. 6,7.) These arguments will not be considered as they were not raised in the Amended Petition.

petition for review on or about July 22, 2009. (ECF No. 9 ¶ 20; ECF No. 10–1 p. 18.) It denied his subsequent petition for review on May 9, 2014, concluding petitioner's immigration proceedings. (ECF No. 10–1 p. 36.) Therefore, petitioner is subject to a final order of removal.

The statute governing post-final order of removal immigration detention is 8 U.S.C. § 1231. Section 1231 states in relevant part that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). This 90-day detention is mandatory. *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("While removal proceedings are in progress, most aliens may be released on bond or paroled. After entry of a final removal order and during the 90-day removal period, however, aliens must be held in custody." (internal citation omitted)). Petitioner argues that he must be released because the 90-day removal period "elapsed years ago and [he] is not a flight risk or dangerous, but § 1231 does not mandate petitioner's release on that basis." *Liu v. Pittman*, No. 25–cv–16289, 2025 WL 2856081, at *2 (D.N.J. Oct. 8, 2025). However, petitioner's detention is still permissible even if he is correct in that the 90-day removal period expired.

There is a distinction between mandatory detention during the 90-day removal period pursuant to § 1231(a)(1)(A) and permissible detention pursuant to § 1231(a)(6), which "authorizes detention for a timeframe 'reasonably necessary to bring about that alien's removal from the United States.'" *Diaz-Ortega v. Lund*, No. 1:19–cv–00670–P, 2019 WL 6003485, at *11 (W.D. La. Oct. 15, 2019) (quoting *Zadvydas*, 533 U.S. at 689), *report and recommendation adopted*, No. 1:19–cv–00670–P, 2019 WL 6037220 (W.D. La. Nov. 13, 2019). The presumptively permissible timeframe for post-removal-period detention is six months. *Zadvydas*, 533 U.S. at 701. The Department issued a Warrant of Removal on March 6, 2018, (ECF No. 10–1 p. 42), but petitioner was not taken

into custody until September 2025. This is not a situation in which ICE has detained and released petitioner off-and-on over time, seemingly in an attempt to circumvent *Zadvydas*'s limitations. Therefore, even if petitioner's 90-day removal period expired, "the six-month presumptively reasonable period of detention under *Zadvydas* … could not have begun until he was detained by ICE … ." *Callender v. Shanahan*, 281 F. Supp. 3d 428, 435 (S.D.N.Y. 2017) (internal citation and quotation marks omitted). "This result is compelled not only by the language of *Zadvydas* but also by its logic." *Id.*

Petitioner has only been detained since September 24, 2025, meaning that he is well within *Zadvydas*'s six-month implicit reasonableness limitation. Therefore, I conclude that any challenge to his § 1231 detention is premature and must be dismissed. *See, e.g., Fabian A. v. Dep't of Homeland Sec.*, No. 21–cv–1384, 2021 WL 3486905, at *2 (D.N.J. Aug. 9, 2021) ("Petitioner's challenge to the length of his detention is therefore premature and provides no basis for habeas relief."); *Alan Abiel Islas O. v. Green*, No. 18–cv–08020, 2018 WL 10562958, at *2 (D.N.J. Sept. 13, 2018) ("Accordingly, Petitioner's complaints regarding his post-removal order detention are premature, and the Petition shall be dismissed without prejudice on that basis.")

### B. Release Pursuant to *Calderon*

Petitioner next argues that he should be released because there is a pending motion before the BIA to reopen and terminate the removal proceedings pursuant to *Calderon*. (ECF No. 9 ¶ 40.) According to petitioner, the *Calderon* settlement "provides a process by which most noncitizen class members should be able to reopen and dismiss their removal proceedings. [D]uring the two-year period of the settlement, ICE may not take enforcement actions against class members except when ICE determines that an individual poses a threat to public safety. The settlement is in effect from January 16, 2025 to January 16, 2027." (*Id.* ¶ 36.)

I interpret petitioner's argument as follows: the BIA is required to reopen and dismiss his removal proceedings because he is a *Calderon* class member. Since the removal proceedings must be dismissed, there is no longer a legal basis to hold petitioner pursuant to § 1231.  (ECF No. 11 pp. 4, 5, 6.)  In other words, respondents must release petitioner *now* because the BIA will *eventually* dismiss his removal proceedings.

The proceedings before the BIA pursuant to *Calderon* are outside of the jurisdiction granted by § 2241, and I cannot speculate as to what will or will not happen there.  A noncitizen "who has filed a motion to reopen immigration proceedings for consideration of relief from removal … shall remain subject to the provisions of [this regulation interpreting § 1231] unless the motion to reopen is granted."  8 C.F.R. § 241.4(b)(1).  Petitioner indicates that a motion to reopen has been filed and is pending before the BIA, (*see generally* ECF No. 9–2), but there is no indication that the motion to reopen has been granted. Therefore, petitioner is currently subject to § 1231.  Release on this basis is denied without prejudice.

### C. Pre-Deprivation Hearing

Petitioner's final argument is that he must be released because he was not given a pre-deprivation hearing pursuant to 8 U.S.C. § 1226(a).  (ECF No. 9 ¶¶ 44, 49.)  Section 1226(a) "applies to aliens already present in the United States" and "creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings."  *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018).  Petitioner is not being detained pursuant to § 1226 pending removal hearings.  Until the BIA issues an order reopening the proceedings, he is being detained *after* a final order of removal pursuant to § 1231. Accordingly, petitioner is not entitled to relief pursuant to § 1226.

## IV. CONCLUSION

For the reasons stated above, the Amended Petition is dismissed without prejudice. An appropriate Order accompanies this Opinion.

                                          */s/ Edward S. Kiel*
                                          **EDWARD S. KIEL**
                                          UNITED STATES DISTRICT JUDGE

Dated: November 17, 2025